

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 3:19-992-MGL-1 |
| | § |
| DAISEAN MONTEZ SKEETERS, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
GRANTING AS MODIFIED DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.     INTRODUCTION**

Pending before the Court is Defendant Daisean Montez Skeeters's (Skeeters) motion to reduce his sentence. Having carefully considered the motion, the supplement, the response, the reply, the record, and the applicable law, it is the judgment of the Court Skeeters's motion to reduce his sentence will be granted as modified below.

**II.    FACTUAL AND PROCEDURAL HISTORY**

Skeeters pled guilty to one count of a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 942(a), and 942(e). Judge Childs sentenced him to a term of eighty-four months of imprisonment and a three-year term of supervised release. He has now completed about thirty-six months of that sentence.

When Skeeters filed the motion, he was housed at Federal Correctional Institution, Butner (FCI Butner), a medical facility. The Bureau of Prisons (BOP) subsequently transferred him to

Federal Correctional Institution, Coleman Medium (FCI Coleman). *Find an Inmate*, BOP, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Nov. 30, 2022) (provided by the government). He has a projected release date of November 4, 2025. *Id.*

Skeeters is twenty-eight years old. He is paraplegic due to a gunshot wound sustained in 2014. As a result of another shooting in 2015, he must use an ostomy bag and a catheter.

Skeeters filed this motion on March 25, 2022, and supplemented it on August 11, 2022, after the BOP transferred him to FCI Coleman. The Clerk's Office subsequently reassigned this case to the undersigned Judge. The government responded to Skeeters's motion and Skeeters replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

When deciding whether to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But, because there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

## IV.    DISCUSSION AND ANALYSIS

As an initial matter, Skeeters has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a Defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court thus turns to the merits of his motion.

### A.    *Whether Skeeters presents extraordinary and compelling reasons warranting a reduction of his sentence under 18 U.S.C. § 3582(c)*

Skeeters insists the BOP has failed to meet the medical needs caused by his wheelchair use and need for catheters and a colostomy bag, creating extraordinary and compelling reasons for his release. The government points to the supplies the BOP has provided to Skeeters thus far to argue such reasons are illegitimate.

The government focuses on the fact that the BOP provided Skeeters medical supplies, including straight catheters, adherent dressing, lubricant, band aids, gauze sponges, French catheters, adult briefs, wound tape, gloves, cleansing wipes, skin barrier wipes, wound cleanser spray, adult diapers, ostomy flanges, ostomy bags, betadine wipes, and antiseptic swabs, 124 times between March 2, 2022 and October 3, 2022. Seventy-five of those occurred while Skeeters was at FCI Coleman.

But, the government improperly focuses on the number of times supplies were given, instead of the amount of supplies. For example, Skeeters's medical records state he self-catheterizes five to six times a day, meaning he needs five to six sets of catheters, gloves, wipes, disposal bags, and lubricant each day. His intake form, on the other hand, says he needs sixteen catheters per week (just over two per day). Yet, using either sixteen per week or five to six per day, the supplies provided by the BOP fall short. In six months, from May through October, Skeeters received only 270 catheters (based on a review of the medical records themselves, the Court believes Skeeters's calculation of 255 in his brief was in error). That is an average of 1.47 catheters per day or 10.27 per week, far fewer than he needs.

Likewise, he changes his ostomy bag at least once per day, so he needs at least one ostomy bag, one ostomy flange, one skin barrier pad, one pair of gloves, and one set wipes per day for that as well. Yet, he has received only twenty ostomy bags in the six months he has been at FCI Coleman.

These are but two examples of Skeeters's struggles during his incarceration. This is to say nothing of the other supplies Skeeters requires to ensure he is able to remain sanitary, healthy, and free from pain.

The BOP has thus proven ill-equipped to handle Skeeters's needs, even as it defines them. Moreover, the many medical issues that accompany Skeeters's paraplegia, such as chronic urinary tract infections and pressure wounds make his care while incarcerated difficult. It also renders his already-served punishment more severe and punitive. The Court thus determines Skeeters has presented extraordinary and compelling reasons for his release.

At sentencing, Judge Childs remarked that Skeeters "still ha[d] the opportunity to later on consider filing for a compassionate release through the BOP. If they fail you, then you still get

consideration later by a court." Sentencing Transcript at 32. And, it is clear that the BOP is failing to meet Skeeters's significant health needs. Skeeters's incarceration puts him at a danger of illness or death well beyond the average defendant. Judge Childs sentenced him to eighty-four months, not the death penalty.

In sum, Skeeters medical conditions and the BOP's inability to address them constitute a textbook case of extraordinary and compelling reasons for a reduction in sentence. The Court thus need not address his other arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

### B.     *Whether the Section 3553(a) factors weigh in favor of release*

Additionally, analysis of the 3553(a) factors in this case favors release. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes by the defendant;
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Skeeters pled guilty to felon in possession of a firearm, a serious offense. Moreover, Skeeters has a criminal history category of five. He has a history of gang membership and firearm possession.

At sentencing, Judge Childs considered several past incidents of domestic violence during which Skeeters allegedly brandished a gun at the victim. Although the victim subsequently recanted, Judge Childs determined by a preponderance of the evidence that the incidents had occurred. On the other hand, Judge Childs refused to consider that Skeeters had instigated a nightclub shooting that resulted in seventeen injuries and one death. She determined there was insufficient evidence of Skeeters's role in the event.

The Court sees no reason to question Judge Childs's determinations. Accordingly, in evaluating the 3553(a) factors for the purposes of this motion, the Court shall consider the domestic violence incidents but not the nightclub shootings. To the extent the other Section 3553(a) factors remain unchanged since sentencing, the Court also adopts Judge Childs's determinations as to those factors when reweighing them here.

The Section 3553(a) factors implore courts to impose a "just punishment" for each offense. The Court is concerned by Skeeters's criminal history and history of violence, which indicate a need protect the public. But, it also considers the disproportionate punishment faced by Skeeters while incarcerated due to the suffering caused by the inability of the BOP to address his health concerns. The thirty-six months he has served thus far have provided as a greater punishment than they would a healthy prisoner.

Considering the balance of the factors, the Court determines a reduced sentence of time served with a condition of home confinement added to a portion of his supervised release is appropriate. *See* 18 U.S.C. § 3583(d) (allowing the Court, if it grants a sentence reduction, to

"impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment.").

This will result in Skeeters being released about thirty-four months before his projected release date. The Court will retain his previously-imposed three-year term of supervised release, adding a condition of home confinement to the first two years of that term. The Court considers the punishment Skeeters has already endured in determining what additional sentence is warranted. As explained, given the severity of the punishment already served, this reduced sentence will promote respect for the law, provide adequate deterrence, reflect the seriousness of his offense, and is a just punishment in this case.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Skeeters's motion to reduce his sentence, ECF No. 102, is **GRANTED AS MODIFIED**. Skeeters's sentence of incarceration is hereby reduced to **TIME SERVED**. The Court will also add the following condition to the first two years of Skeeter's three-year term of supervised release:

> You will be placed on home detention to be monitored by a form of location monitoring technology for a period of 24 months, and you must follow the rules and regulations of the location monitoring program. The location monitoring technology used will be at the discretion of the probation officer. While on home detention, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer. You must contribute to the cost of such program not to exceed the amount determined reasonable by the Court approved "U.S. Probation Office's Sliding Scale for Services."

All other conditions shall remain the same.

This order is **STAYED** for up to fourteen days to ensure Defendant's safe release, to verify his release plan, and to permit appropriate travel arrangements to his approved

residence. Defendant shall be released as soon as his release plan is verified by probation, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements, ensure Defendant's safe release, or verify his release plan, the parties shall immediately notify the Court and show cause why the stay should be extended.

**IT IS SO ORDERED.**

Signed this 19th day of December 2022, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE